B1040 (FORM 1040) (12/15)

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Laurie Pace | **DEFENDANTS**<br>Richard C. Oprison, Sr., Estate of<br>Richard C. Oprison, Sr. |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Andrew S. Goldstein<br>Magee Goldstein Lasky & Sayer, PC<br>PO Box 404, Roanoke, VA 24003<br>540-343-9800 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Avoid Lien - 11 U.S.C. 1322(b)(2) and 506(a)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| | |
|---|---|
| **FRBP 7001(1) – Recovery of Money/Property**<br>☐ 11-Recovery of money/property - §542 turnover of property<br>☐ 12-Recovery of money/property - §547 preference<br>☐ 13-Recovery of money/property - §548 fraudulent transfer<br>☐ 14-Recovery of money/property - other<br><br>**FRBP 7001(2) – Validity, Priority or Extent of Lien**<br>☒ 21-Validity, priority or extent of lien or other interest in property<br><br>**FRBP 7001(3) – Approval of Sale of Property**<br>☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)<br><br>**FRBP 7001(4) – Objection/Revocation of Discharge**<br>☐ 41-Objection / revocation of discharge - §727(c),(d),(e)<br><br>**FRBP 7001(5) – Revocation of Confirmation**<br>☐ 51-Revocation of confirmation<br><br>**FRBP 7001(6) – Dischargeability**<br>☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims<br>☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud<br>☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny<br>**(continued next column)** | **FRBP 7001(6) – Dischargeability (continued)**<br>☐ 61-Dischargeability - §523(a)(5), domestic support<br>☐ 68-Dischargeability - §523(a)(6), willful and malicious injury<br>☐ 63-Dischargeability - §523(a)(8), student loan<br>☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)<br>☐ 65-Dischargeability - other<br><br>**FRBP 7001(7) – Injunctive Relief**<br>☐ 71-Injunctive relief – imposition of stay<br>☐ 72-Injunctive relief – other<br><br>**FRBP 7001(8) Subordination of Claim or Interest**<br>☐ 81-Subordination of claim or interest<br><br>**FRBP 7001(9) Declaratory Judgment**<br>☐ 91-Declaratory judgment<br><br>**FRBP 7001(10) Determination of Removed Action**<br>☐ 01-Determination of removed claim or cause<br><br>**Other**<br>☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*<br>☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $   N/A |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Laurie Pace | BANKRUPTCY CASE NO.<br>24-60087 | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Western District of Virginia | DIVISION OFFICE<br>Lynchburg | NAME OF JUDGE<br>Connelly | |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Andrew S. Goldstein | | | |
| DATE<br>04/12/2024 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Andrew S. Goldstein | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.**  Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.**  Give the names and addresses of the attorneys, if known.

**Party**.  Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.**  Enter the dollar amount being demanded in the complaint.

**Signature.**  This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| IN RE:<br><br>LAURIE PACE,<br><br>    Debtor. | Case No. 24-60087<br>Chapter 13 |
| LAURIE PACE,<br><br>    Plaintiff,<br><br>v.<br><br>RICHARD C. OPRISON, SR., ESTATE OF RICHARD C. OPRISON, SR.,<br><br>    Defendant(s). | Adversary Proceeding No. _____ |

## COMPLAINT

COMES NOW, Plaintiff Laurie Pace, by and through her attorney of record, Andrew S. Goldstein, Esq., and for her complaint to avoid a wholly unsecured second-position lien, alleges as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this matter under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code") pursuant to 28 USC §§151, 157, and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory predicates for this Complaint are Rule 7001 *et seq* of the Federal Rules of Bankruptcy Procedure and §§ 506 and 1322 of the Bankruptcy Code.



MAGEE GOLDSTEIN
LASKY & SAYERS PC
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

6. The Plaintiff is the Debtor in the above-numbered bankruptcy case, having filed a Chapter 13 bankruptcy petition on January 28, 2024.

7. Defendant Richard C. Oprison, Sr. has been deceased since January 15, 2010.

## Background

8. Plaintiff is the owner of real property located at 6343 Louisa Road, Keswick Virginia, 22947. The property is legally described as follows:

> LOT 01300 Acreage Tin Hare 17.52 Acres, Parcel #: 06600-00-00-01300, Map Reference: 16820

That property is hereinafter referred to as "the Property."

9. According to the appraisal report completed by Absolute Appraisals, LLC on October 13, 2022, the value of the Property is $737,000 (hereinafter, "Value"). A copy of the appraisal is attached herein as Exhibit A. More recently Absolute Appraisals has advised that the current value is $800,000.00.

10. There are three total deeds of trust against the Property, as found in the title search, attached herein as Exhibit B.

11. The earliest recorded Deed of Trust to Washington Mutual Bank, FA, asserts a current balance of over $1,350,000.00.

12. JP Morgan Chase has become the holder of the above-mentioned Washington Mutual Bank, FA, Deed of Trust.

13. As of April 8, 2024, the amount alleged to be due to JP Morgan Chase is $1,397,228.26. Although the Plaintiff disputes that amount, the Plaintiff concedes that JP Morgan Chase has a lien on the Property up to the Property value.

14. The amount owing in association with the JP Morgan Chase deed of trust equals or

MAGEE GOLDSTEIN
LASKY & SAYERS pc
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

exceeds the Value of the Property, leaving no equity to secure Defendant's junior lien.

15. Defendant's junior lien is dated June 8, 2005 and was payable to Richard C. Oprison Sr.

16. Richard C. Oprison Sr. passed away on January 15, 2010, fourteen years ago, in Louisa Virginia.

### Count 1 – Avoidance of Second-Position Lien

17. §506(a) of the Bankruptcy Code provides that the claim of a creditor secured by a lien on property in which the estate "is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim."

18. Defendant's claim is limited to the value of Plaintiff's interest in the collateral and is otherwise unsecured.

19. In this case, there is no value to which the Defendant's lien may attach and the claim is therefore wholly unsecured.

20. Additionally, §506(d) of the Bankruptcy Code provides that, "to the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void…"

21. There are certain exceptions, but none of them apply in this case.

22. Since the JP Morgan Chase mortgage, a prior lien, has fully exhausted the collateral's value, the Defendant's junior lien is void, and unsecured.



MAGEE GOLDSTEIN
LASKY & SAYERS pc
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

23. §1322(b)(2) of the Bankruptcy Code allows debtors in their Chapter 13 Plan to modify "the rights of holders of secured claims…or the holders of unsecured claims…"

24. "In the Fourth Circuit and the majority of federal circuit courts of appeal, Chapter 13 debtors are permitted to strip off wholly unsecured junior liens encumbering real property used as the debtors' principal place of residence." Burkhart v. Grigsby, 886 F.3d 434, 437 (4th Cir. 2018).

25. "The Fourth Circuit has 'held consistent with every other circuit to have considered the question, that in a typical Chapter 13 proceeding, a bankruptcy court has the authority to strip off a completely valueless lien on a debtor's primary residence, thereby eliminating a lienholder's *in rem* rights against the collateral property.'" *Id.* (quoting *In re Alvarez*, 733 F. 3d 136, 138 (4th Cir. 2013)) In re Gregory, 635 B.R. 460, 465 (Bankr. D.S.C. 2022).

26. In this case, the Defendant's lien is completely valueless, and this Court has the authority to strip it from the Property.

WHEREFORE, Plaintiff requests that the Court, pursuant to 11 U.S.C. §§506 and 1322, enter judgement providing that the Defendant's second-position deed of trust on the Property is wholly unsecured, and that, as a result, shall be removed from the title of the Property described herein, and for such other and further relief as the Court deems appropriate.

Date: April 12, 2024

Respectfully submitted,

LAURIE PACE

By: /s/ Andrew S. Goldstein

MAGEE GOLDSTEIN LASKY & SAYERS PC
ATTORNEYS
P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800
ATTORNEYS AND COUNSELORS AT LAW

4

Andrew S. Goldstein, Esq. (VSB #28421)
Magee Goldstein Lasky & Sayers, P.C.
PO Box 404
Roanoke, VA  24003-0404
Telephone:  (540) 343-9800
Facsimile:  (540) 343-9898
Electronic Mail: agoldstein@mglspc.com
*Counsel for Plaintiff*

MAGEE GOLDSTEIN
LASKY & SAYERS PC
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

5